# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE C. GONZALES,<br><br>                             Plaintiff,<br>    vs.<br>JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>                             Defendants. | CASE NO. 09cv2481 WQH (WMC)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is Defendants' Motion to Dismiss or in the Alternative for Summary Judgment. (Doc. # 7).

**BACKGROUND**

On November 5, 2009, Plaintiff filed his complaint in mandamus. (Doc. # 1). Plaintiff, a United States citizen, seeks a writ of mandamus directing Defendants to process Plaintiff's pending immigrant visa petitions filed on behalf of his adult daughters. *Id.* On February 3, 2010, Defendants filed their Motion to Dismiss or in the Alternative for Summary Judgment. (Doc. # 7).

Plaintiff alleges he filed immigrant visa petitions on behalf of his daughters on July 17, 2007. (Doc. # 1 at ¶ 4). Plaintiff alleges the processing and adjudication of newly filed petitions is currently taking over five years. *Id.* at ¶ 5. However, Plaintiff alleges his daughters

are eligible for immediate processing because his daughters have I-130 petitions which were previously filed and approved in 1995, when his daughters were minors. *Id.* at ¶ 6. Plaintiff alleges his daughters were "not able to file for permanent resident status at that time." *Id.* Plaintiff alleges he requested "reaffirmation of the original priority date" when he filed the new petitions in 2007. *Id.* Plaintiff alleges the priority dates of his daughters' petitions are therefore current, but Defendants have failed to adjudicate them. *Id.* Plaintiff alleges his counsel has repeatedly contacted Defendants to remedy the delay in processing Plaintiff's daughters' petitions, but Defendants have failed to respond. *Id.* at ¶ 9-10. Plaintiff alleges Defendants' failure to adjudicate his daughters' current petitions is "arbitrary and not in accord with the law and regulations." *Id.* at ¶ 12. Plaintiff alleges "Defendants have effectively denied the Plaintiff the opportunity to enjoy the company of his daughters in spite of the fact that the immigrant visa quota is presently open for them." *Id.* at ¶ 13. Plaintiff seeks an order requiring Defendants to immediately adjudicate his daughters' petitions. *Id.* at 4.

Defendants contend that Plaintiff is not entitled to immediate adjudication of his daughters' petitions. (Doc. # 7 at 6). Defendants contend that the original petitions filed in 1995 were terminated and revoked in March 2002 because they failed to appear at the consulate in Caracas, Venezuela for an in-person visa interview. *Id.* Defendants contend that Plaintiff's current petition cannot "relate back" to the 1995 petition because, as a matter of law, "a renewed I-130 application cannot relate back to a terminated and revoked prior application and must remain in the visa process queue until visa numbers become available." *Id.* Defendants contend that the Child Status Protection Act of 2002 ("CPSA") allows the children of citizens who had pending petitions on August 6, 2002 to retain their "immediate relative preference date . . . even after they turned 21." *Id.* at 9. Defendants contend that Plaintiff's daughters are not eligible for relief under the CPSA because their petition was not pending on August 6, 2002. *Id.* Defendants contend that the CPSA contains a specific exception which provides that petitioners who have had their original petition terminated or revoked cannot receive the benefit of retaining their original petition date. *Id.* (citing 8 C.F.R. § 204.2(h)(2)). Defendants contend that Plaintiff therefore fails to state a claim for mandamus relief because

1  Defendants have no duty to immediately adjudicate Plaintiff's daughters' petitions. *Id.* at 11.
2  Defendants contend they cannot adjudicate Plaintiffs' daughters' petition "unless and until a
3  visa number becomes available." *Id.* Defendants further contend that Plaintiff lacks standing
4  to raise this claim because Defendants are not responsible for Plaintiff's injury. *Id.* Rather,
5  Defendants contend, it was Plaintiff's daughters' failure to respond to the consular notice to
6  appear for an in-person visa interview that led to Plaintiff's separation from his daughters. *Id.*
7  In the alternative, Defendants seek summary judgment on the grounds that Plaintiff cannot
8  establish a right to mandamus. *Id.* at 15-16.

9        In support of their alternative motion for summary judgment, Defendants submitted the
10 declaration of Chloe Dybdahl, an attorney for the United States Department of State's Bureau
11 of Consular Affairs. (Doc. # 7-2 at 3). Dybdahl states she used the Consular Consolidated
12 Database of the Bureau of Consular Affairs to look up Plaintiff's 1995 petition and determined
13 that "the immigration petitions" filed by Plaintiff's daughters "were terminated and destroyed
14 on March 4, 2002 in accordance with § 203(g) . . . for failure to pursue an immigrant visa."
15 *Id.* Dybdahl states Plaintiff's daughters received notice in 2000 and in 2001 from the United
16 States Embassy in Caracas that their visa applications would be terminated if they failed to
17 appear for an interview. *Id.* at 3.

18       Plaintiff contends that his injury is traceable to Defendants' failure to adjudicate his
19 daughters' petition. (Doc. # 8 at 1-2). Plaintiff contends that there is a genuine issue of
20 material fact as to the status of Plaintiff's daughters' original visa petition. *Id.* Plaintiff
21 contends that on July 26, 2006, the United States Embassy in Caracas sent letters to Plaintiff's
22 daughters which state "the record of your application has been destroyed and any petition
23 approved on your behalf has been returned to the Immigration and Naturalization Service."
24 *Id.* Plaintiff contends this letter shows the 1995 petitions have not been revoked. *Id.*

25       Plaintiff has attached the letters received by his daughters as exhibits. (Doc. # 8-1).
26 Each daughter received a letter which states in part:

27
28
> This office previously notified you that as of [January 12, 1999] . . . your application for an immigrant visa was cancelled and any petition was also cancelled. We informed you that your application might be reinstated if, within

one year, you could establish that your failure to pursue your immigrant visa application was due to circumstances beyond your control.

Since you have failed to do so, the record of your application has been destroyed and any petition approved on your behalf has been returned to the Immigration and Naturalization Service . . . .

In their reply, Defendants contend that this letter does not raise a genuine issue of material fact because whether the application was destroyed is legally irrelevant. (Doc. # 9 at 4). Defendants contend revocation was automatic pursuant to 8 U.S.C. § 1153(g) regardless of whether any part of the United States government retains the records from the 1995 petitions. *Id.*

## ANALYSIS

Pursuant to 28 U.S.C. § 1361, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Plaintiff must establish that he has standing to bring this lawsuit. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). In order to establish standing, Plaintiff must show that he has suffered an injury in fact, that there is a causal connection between Defendants' actions and that injury, and that the injury is redressable. *See id.* Plaintiff has alleged facts which would establish injury in fact. Plaintiff is separated from his daughters, an injury which is sufficiently concrete and particularized to satisfy the standard in *Lujan*. *See id.* Plaintiff's injury, his current separation from his daughters, is "fairly . . . trace[able]" to Defendants' conduct, satisfying the standard for causation. *See id.* By refusing to treat Plaintiff's current petition on behalf of his daughters as relating back to his 1995 petition, Defendants are preventing Plaintiff's daughters from joining him in the United States. If Plaintiff is entitled to have his petition on behalf of his daughters considered immediately because it relates back to his prior petition, his injury may be redressed by an order mandating that Defendants do so. Plaintiff therefore has standing to pursue his claim.

Because both parties filed evidence in support of their arguments, the Court will address Defendants' alternative motion for summary judgment. Summary judgment is

appropriate under Rule 56 of the Federal Rules of Civil Procedure where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is material when, under the governing substantive law, it could affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute over a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact.  *See Celotex*, 477 U.S. at 323.  If the moving party satisfies its initial burden, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  In ruling on a motion for summary judgment, the Court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  "Credibility determinations [and] the weighing of evidence . . . are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment."  *Anderson*, 477 U.S. at 255.

In order to establish that he is entitled to relief pursuant to 28 U.S.C. §1361, Plaintiff must first establish that he is clearly entitled to have his petition on behalf of his daughters adjudicated immediately.  *See Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) ("Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if . . . the individual's claim is clear and certain . . . .").  Plaintiff's claim that the petition relates back to the 1995 petition and therefore has an immediate priority date relies on the CSPA.  Prior to the passage of the CSPA, if a citizen's child aged out of eligibility for admittance as an "immediate relative" by turning 21 years old while the visa petition was pending, the child would have to reapply under a different statute, losing his or her priority date in the process.  *See Padash v. INS*, 358 F.3d 1161, 1174 (9th Cir. 2004).  The CSPA changed the law in 2002 so that a minor child alien's pending

1  application as an immediate relative pursuant to 8 U.S.C. § 1151(b)(2)(A)(I) and 8 U.S.C.
2  § 1101(b)(1) "shall be automatically converted to the appropriate category and the alien
3  shall retain the original priority date issued upon receipt of the original petition" when the
4  minor child turns 21.  *See id.*; 8 U.S.C. 1153(h).

However, the implementing regulations make clear that an application is not pending for the purposes of the CSPA if it has been terminated or revoked:

> When a visa petition has been approved, and subsequently a new petition by the same petitioner is approved for the same preference classification on behalf of the same beneficiary, the latter approval shall be regarded as a reaffirmation or reinstatement of the validity of the original petition, except when the original petition has been terminated pursuant to section 203(g) of the Act or revoked pursuant to part 205 of this chapter . . . .

8 C.F.R. § 204.2(h)(2).  Section 203(g) of the Immigration and Naturalization Act states: "[t]he Secretary of State shall terminate the registration of any alien who fails to apply for an immigrant visa within one year following notification to the alien of the availability of such visa . . . ."  8 U.S.C. 1153(g).  Pursuant to 8 C.F.R. § 205.1(a)(1), if a petition is terminated by the Secretary of State, the approval of the petition is automatically revoked.

Plaintiff has conceded that although his original petition was approved on August 1, 1995, his daughters "[u]nfortunately were not able to file for permanent resident status at that time."  (Doc. # 1 at ¶ 6).  Dybdahl's declaration, submitted by Defendants, establishes that there is no genuine issue of material fact as to whether Plaintiff's daughter's prior petition remains pending.  *See* Doc. # 7-2 at 2-3. The original petitions were terminated as a result of Plaintiff's daughters failure to appear for a consular interview after their visas were approved in 1995.  *Id.*  Although Plaintiff contends the applications were not "revoked and destroyed," *see* Doc. # 8 at 2, Plaintiff's own evidence shows that the applications were "cancelled" and part of the record was "destroyed," *see* Doc. 8-1 at 1-2. The only factual dispute raised by Plaintiff's evidence is whether all of the documents associated with Plaintiff's previous petition on behalf of his daughters were destroyed or whether some were retained by the former INS, which is not material to the outcome of this case.  Whether the government retained some of the documents or not, there is no genuine

issue of material fact that Plaintiff's petition on behalf of his daughters was "terminated . . . or revoked" within the meaning of 8 C.F.R. § 204.2(h)(2).   Plaintiff therefore cannot establish that he has a "clear and certain" claim to relief and is not entitled to mandamus relief. *See Kildare*, 325 F.3d at 1084.

Defendants' alternative motion for summary judgment is granted.

## CONCLUSION

IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss or in the Alternative for Summary Judgment.  (Doc. # 7) is **GRANTED**.

DATED:  May 6, 2010

**WILLIAM Q. HAYES**
United States District Judge